# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.                                                    CASE NO. 8:12-CR-24-T-EAK-AEP

BRIAN LEAVITT
_____/

## ORDER

This cause comes before the Court on the government's memorandum regarding restitution (Doc. 95) and the response thereto (Doc. 96).  On April 12, 2013, this Court entered a judgment order which sentenced the defendant to three hundred and twenty four months as to Counts I, II and III, to run concurrently (Doc. 55).  The parties agree that at the time of the original sentencing the government stated: "I will note for the record that the January, February series the victim in that did seek restitution. But the probation office's position, with which the government agrees, is that they can't show proximate cause between what Mr. Leavitt did and the damages they incurred." (Doc. 66, pg. 22). Therefore, the Court did not order any restitution.

Thereafter, the defendant appealed his sentence challenging only his prison term alleging that:

> (i) the 324-month sentence imposed on each of his three counts of conviction exceeded the statutory maximum penalty of 20 years, because his prior juvenile delinquencies do not qualify as a "prior conviction" for 18 U.S.C. § 2252(b)(1) purposes; (ii) the government failed to meet its burden to prove the pattern enhancement under U.S.S.G. § 2G2.2(b)(5), where the government offered no evidence to prove the enhancement, and (iii) his 324-month sentence was substantively and procedurally unreasonable.

The government, at oral argument, conceded that any error committed could not have been harmless and the appellate court "completely vacate[d] the sentences imposed on all

**three counts**, and remand[ed] for the district court to hold a new sentencing hearing...At the new hearing, Mr. Levitt will face a statutory sentencing range of 5-20 years on each count of conviction, and the parties will be allowed to present all of the sentencing arguments they deem appropriate. These include, without limitation, (1) the applicability of U.S.S.G. § 2G2.2(b)(5), (2) the availability of consecutive sentences pursuant to U.S.S.G. § 5G1.2(d), and (3) the imposition of an appropriate sentence given the factors set forth in 18 U.S.C. § 3553(a)." (emphasis added)

At the resentencing, the government asked the Court to revisit the issue of restitution and to order restitution. The threshold issue before the Court is whether or not restitution, which was previously waived by the government, can be revisited on resentencing ordered by the appellate court which only had before it the Defendant's appeal of his portion of the sentence related to his term of imprisonment. The government, of course, asserts that the remand order allows this Court to impose restitution now even though the government waived it previously and did not appeal the issue. The Court disagrees with the government.

The Court finds the Defendant's response to the request for restitution persuasive. The broadness of the remand is the question before the Court and the Court cannot find that the appellate court intended to allow the government to address anything but the appropriate sentence as to term of imprisonment on remand. The question of restitution was settled at the time of the orginal sentencing and went unchallenged.

The Court agrees with the Defendant that: "Therefore, when the Eleventh Circuit remanded and provided that the parties 'will be allowed to present all of the sentencing arguments they deem appropriate" on remand (Doc. 73 at 3), that meant that the parties could make any argument they deemed appropriate as to the 324-month prison sentence that had been the subject of the appeal and had now been vacated." and further that "If the government had timely raised restitution at Mr. Leavitt's original sentencing and in its own appeal or cross-appeal, all of these issues now presented before this Court could have been avoided. Given the government's waiver, restitution should not be ordered, and this case can be brought to an end."  Accordingly, it is

**ORDERED** that government's request for restitution be **denied**.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 15th day of October, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record